THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9  | JAMES BARSTAD,                          | CASE NO. C12-1023-JCC-JPD

10 |                                         | ORDER DIRECTING AND
   |                 Plaintiff,              | EXTENDING TIME FOR SERVICE
11 |
   |         v.
12 |
13 | WASHINGTON STATE DEPARTMENT
   | OF CORRECTIONS, et al.,
14 |
   |                 Defendants.

15

16        This matter comes before the Court on the Report and Recommendation of Magistrate

17 Judge James P. Donohue (Dkt. No. 26) and Plaintiff James Barstad's objections thereto (Dkt.

18 No. 28), motion to appoint counsel (Dkt. No. 29), and motion for enlargement of time to serve

19 Defendants (Dkt. No. 30). Having thoroughly considered the Report, Barstad's objections, and

20 the remainder of the record, the Court hereby ADOPTS a portion of the Report, ORDERS that

21 certain defendants be served, and EXTENDS the time for such service, for the reasons explained

22 herein.

**I.      BACKGROUND**

23        Barstad is an inmate at the Monroe Correctional Complex in Monroe, Washington. He is

24 proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 action in which he alleges that

25 Defendants violated his constitutional rights by adopting and implementing a policy that

26

ORDER DIRECTING AND EXTENDING TIME
FOR SERVICE
PAGE - 1

1   effectively consolidated all forms of vegetarian religious diets for Washington Department of

2   Corrections ("DOC") inmates under one "mainline alternative" diet. (Dkt. No. 9 at 13–15.) He

3   seeks a declaration of the policy's unconstitutionality, an injunction requiring Defendants to

4   reinstate "the Ovo-Lacto form of vegetarian religious diet," and damages. (*Id.* at 16.)

5          On June 21, the Court ordered the mailing of a summons and complaint to the forty

6   individual defendants named in the complaint. (Dkt. No. 10.) For twenty-eight of these

7   defendants, the complaint does not provide an address; rather, it states that these defendants are

8   past or present members of the DOC's Religious Services Advisory Committee. (Dkt. No. 9 at

9   ¶¶ 12–25, 28–31, 33, 35–43.) For those defendants, the Clerk of Court sent the summons and

10  complaint to the DOC's general P.O. Box address. The Clerk also sent Defendant Cheryl E.

11  Strange's summons and complaint to that address (Dkt. No. 13 at 19), even though the complaint

12  provides an address for her in Tumwater, Washington (Dkt. No. 9 at ¶ 34). The remaining eleven

13  individual defendants were served by mail at the addresses provided in the complaint. On July 7

14  and 9, the mail sent to thirty of the defendants was returned as undeliverable. (Dkt Nos. 13, 17.)

15         On July 26, the Washington Attorney General appeared on behalf of the ten defendants

16  who were effectively served (Dkt. No. 22), and on August 21, those defendants filed an answer

17  to the complaint (Dkt. No. 25). (The Report recommends the Court find that, although three of

18  those ten defendants failed to return their waiver of service of summons within thirty days of

19  service, and therefore were required to answer within thirty days of service, Barstad was not

20  prejudiced by their thirty-day delay in answering. (Dkt. No. 26 at 2–3 & n.3.) Barstad does not

21  object to this recommendation, and the Court adopts it.)

22         The Report recommends dismissing the thirty individual defendants whose mail was

23  returned as undeliverable, on the ground that Barstad failed to provide accurate addresses for

24  those defendants. (*Id.* at 3.) The Report also recommends dismissing the DOC as a defendant, on

25  the ground that, "although the caption to plaintiff's amended complaint suggested that plaintiff

26  may also be naming the DOC as a defendant, plaintiff only names DOC employees as defendants

ORDER DIRECTING AND EXTENDING TIME
FOR SERVICE

1   in the body of his complaint," "[s]ervice was only attempted on these DOC employees," and

2   "plaintiff's July 3, 2012 letter to the Court regarding the Service Order did not indicate that this

3   omission was in error." (*Id.* at 3.) Barstad objects to these recommendations.

4   **II.      DISCUSSION**

5          "If a defendant is not served within 120 days after the complaint is filed, the court—on

6   motion or on its own after notice to the plaintiff—must dismiss the action without prejudice

7   against that defendant *or order that service be made within a specified time*." Fed. R. Civ. P.

8   4(m) (emphasis added). "District courts have broad discretion to extend time for service under

9   Rule 4(m)." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (emphasis omitted). In

10  deciding whether to exercise that discretion, the court considers such factors as a statute of

11  limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service. *Id.*

12         In *in forma pauperis* proceedings, "[t]he officers of the court shall issue and serve all

13  process, and perform all duties in such cases." 28 U.S.C. § 1915(d). "[A]n incarcerated pro se

14  plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the

15  summons and complaint, and, having provided the necessary information to help effectuate

16  service, plaintiff should not be penalized by having his or her action dismissed for failure to

17  effect service where the U.S. Marshal or the court clerk has failed to perform the duties required

18  of each of them under 28 U.S.C. § 1915([d]) and Rule 4 of the Federal Rules of Civil

19  Procedure." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).

20         **A.      Cheryl E. Strange**

21         Cheryl E. Strange should not be dismissed. The Clerk apparently inadvertently sent her

22  summons to the wrong address. Pursuant to Federal Rule of Civil Procedure 4(m), the time to

23  serve Ms. Strange is EXTENDED to sixty (60) days from the date of this order. The Clerk of

24  Court is DIRECTED to apprise Cheryl E. Strange of this lawsuit in the manner prescribed in the

25  Court's June 21 order (Dkt. No. 10).

26

**B.      Remaining Twenty-Nine Individual Defendants Whose Mail Was Returned As Undeliverable**

Barstad objects to the dismissal of the remaining twenty-nine individual defendants. He argues that he has made several good faith efforts to obtain the addresses of these defendants but has been stymied at every turn. He hired two outside companies to track down the defendants' addresses, but when the companies sent Barstad the information he requested, the DOC intercepted their mailings. (Dkt. No. 28 Ex. A at 14–17.) Barstad also requested authorization from his corrections counselor to run an address search from the prison library, but his counselor refused the request. (*Id.* Ex. A at 18–19.) He also filed a public disclosure request with the DOC—apparently asking for the names and addresses of current and past members of the DOC's Religious Services Advisory Committee—but the DOC redacted almost all of the members' addresses in the disclosure documents it sent him. (*Id.* Ex. A at 7–12.) Upon review of those documents, which Barstad has filed with the Court, it appears that the DOC does in fact have the addresses of a majority of these defendants. (*Id.*)

Given (1) Barstad's *pro se* status, (2) his good faith effort to locate the addresses of these defendants, (3) the DOC's apparent ready access to a majority of the addresses, (4) the relatively short period of time these defendants have gone un-served, *cf., e.g.*, *Efaw*, 473 F.3d at 1041, (5) the absence of any evidence that an extension of time for service would prejudice these defendants in the form of faded memories or lost evidence, (6) the duty of "[t]he officers of the court [to] issue and serve all process, and perform all duties" in *in forma pauperis* proceedings, 28 U.S.C. § 1915(d), and (7) Barstad's "entitle[ment] to rely on the U.S. Marshal for service of the summons and complaint," *Puett*, 912 F.2d at 275, this Court finds an extension of time to serve these defendants, pursuant to Federal Rule of Civil Procedure 4(m), warranted. The U.S. Marshal is DIRECTED to make greater inquiry of the DOC as to the addresses of these defendants, and to reattempt service at the addresses the DOC provides. *See, e.g.*, *Jensen v. Knowles*, 621 F. Supp. 2d 921, 930 (E.D. Cal. 2008) ("The Court agrees with Plaintiff that it is highly unlikely Defendant Wathen vanished from the CDCR without so much as a last known

ORDER DIRECTING AND EXTENDING TIME
FOR SERVICE
PAGE - 4

1  address. Accordingly, the Court will direct the United States Marshal to make greater inquiry of

2  the CDCR and reattempt service on Defendant Wathen."); *Dodson v. Rocha*, No. 07cv0869-W

3  (RBB), 2008 WL 251947, at *1 (S.D. Cal. Jan. 30, 2008) ("Dodson has identified Defendant

4  Arani by name and badge number, and indicated that Arani was employed at Calipatria State

5  Prison on July 30, 2005, when the events described in Plaintiff's Complaint occurred. . . . As

6  long as Defendant Arani is currently employed by the California Department of Corrections

7  ('CDC') or his forwarding address can be easily ascertained by reference to the CDC's personnel

8  records, Plaintiff is entitled to rely on the U.S. Marshal to effect service on him.") (citing *Puett*,

9  912 F.2d at 275). The time to serve these defendants is EXTENDED to sixty (60) days from the

10  date of this order.

11      **C.**    **DOC**

12      The Court declines to adopt the Report's recommendation to dismiss the DOC. Barstad

13  named the DOC in the caption of his complaint. (Dkt. No. 9 at 1.) The order directing service

14  mistakenly did not direct the Clerk of Court to serve the DOC. (Dkt. No. 10.) It is true that

15  Barstad later filed a letter with the Court in which he stated that the order directing service had

16  incorrectly stated that there were thirty-nine defendants, when in fact the correct number was

17  forty. (Dkt. No. 14.) The Report interprets this letter as an admission that the only defendants are

18  the forty named individual defendants, and not the DOC. Barstad has made clear in his

19  objections to the Report that naming the DOC as a defendant in the caption of his complaint was

20  no mistake. The Clerk of Court is DIRECTED to apprise the DOC of this lawsuit in the manner

21  prescribed in the Court's June 21 order (Dkt. No. 10). The time to serve the DOC is

22  EXTENDED to sixty (60) days from the date of this order.

23  **III.**    **CONCLUSION**

24      For the foregoing reasons, the Court declines to adopt the Report and Recommendation

25  (Dkt. No. 26), except that portion recommending that three of the answering defendants' failure

26  to answer within thirty days of service did not prejudice Barstad. The time to serve the thirty

ORDER DIRECTING AND EXTENDING TIME
FOR SERVICE
PAGE - 5

1  defendants upon whom service has not been effected, and the DOC, is EXTENDED to sixty (60)

2  days from the date of this order. The Clerk of Court is DIRECTED to send, by first class mail, to

3  (1) Cheryl E. Strange, at her address as designated in the complaint, and (2) the Washington

4  Department of Corrections, a copy of the amended complaint (Dkt. No. 9), the Court's June 21

5  order (Dkt. No. 10), two copies of the Notice of Lawsuit and Request for Waiver of Service of

6  Summons, a Waiver of Service of Summons, and a return envelope, postage prepaid, addressed

7  to the Clerk's office. The Clerk is further DIRECTED to forward a copy of this order to the U.S.

8  Marshal. Within sixty (60) days from the date of this order, the U.S. Marshal is DIRECTED to

9  make greater inquiry of the DOC as to the addresses of the defendants whose mail was returned

10  as undeliverable, and to reattempt service at the addresses the DOC provides. If the DOC is

11  unable to locate any of these defendants or provide any of their last known addresses, the U.S.

12  Marshal shall file the DOC's response and explanation for its inability to do so with the Court. If

13  necessary to maintain the confidentiality of information provided by the DOC pursuant to this

14  order, the U.S. Marshal may file the response under seal.

15  　　　Having declined to adopt the portions of the Report and Recommendation to which

16  Barstad objects, the Court DENIES Barstad's motions in the alternative for appointment of

17  counsel to help him serve Defendants (Dkt. No. 29), and for an extension of time for such

18  counsel to effect such service (Dkt. No. 30).

19  　　　DATED this 30th day of October 2012.

20

21

22

23

24  _____

25  John C. Coughenour
    UNITED STATES DISTRICT JUDGE
26

ORDER DIRECTING AND EXTENDING TIME
FOR SERVICE
PAGE - 6