THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES BARSTAD,<br><br>  Plaintiff,<br><br>  v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,<br><br>  Defendants. | CASE NO. C12-1023-JCC-JPD<br><br>ORDER GRANTING SUMMARY JUDGMENT FOR DEFENDANTS AND DISMISSING CASE |

This matter comes before the Court on Plaintiff James Barstad's objections (Dkt. No. 44) to the Report and Recommendation of the Honorable James P. Donohue, U.S. Magistrate Judge, recommending that the Court grant summary judgment for Defendants on Barstad's federal-law claims and dismiss this case (Dkt. No. 43). Having thoroughly considered the papers filed in support of and in opposition to Defendants' motion for summary judgment, the Report and Recommendation, Barstad's objections, Defendants' response to Barstad's objections, and the balance of the record, the Court hereby ADOPTS all but seven lines of the Report and Recommendation, GRANTS Defendants' motion for summary judgment on Barstad's federal-law claims, and DISMISSES this case for the reasons explained herein.

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.

§ 636(b)(1). The Court assumes familiarity with the Report and Recommendation (Dkt. No. 43).

Barstad's first argument is not an objection to the Report and Recommendation. Instead, he reports that the prison now scans the identification cards of all inmates as they retrieve their meals, and one corrections officer has "taken the added stance to absolutely refuse to scan [Barstad's] ID card, if he does not present the card through the diet window," which "amounts to the imposition of 'The Mark of The Beast,' wherein [Barstad] is not allowed to eat (purchase and sell) without the Mark." (Dkt. No. 44 at 3.) This "mark of the beast" argument is meritless. Barstad is essentially arguing that he is required to be "marked" as "on the mainline-alternative diet" in order to obtain his mainline-alternative meals. But he was already "marked" as being on the diet before the installation of the scanners—by carrying around and eating from a tray containing mainline-alternative meals. In any event, Barstad does not explain how this "mark" of being on the mainline-alternative diet is a mark "of the beast."

Barstad objects that it is expensive to buy eggs and milk at the prison commissary. As discussed in the Report and Recommendation, there is no evidence in the record that eggs have any religious significance to Barstad, and so their cost is irrelevant. As for milk, Barstad complains that it would cost him about $200 per month to buy from the commissary the amount of milk provided on the mainline diet. But that number is also irrelevant: There is no evidence that Barstad's religion encourages the consumption of any particular amount of milk, and Barstad testified that the milk provided on the mainline diet is of "very little" spiritual benefit anyway, because it is not "fresh out of the cow and warm." (Dkt. No. 39 Ex. 2, Att. A at 55:20, 44:16.) What *is* relevant is the undisputed fact that milk is available for Barstad to purchase at the commissary—evidence that Policy 560.200 does not impose a "substantial burden on the exercise of [Barstad's] religious beliefs." *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005).

Barstad next objects that "[q]uestions still remain" as to whether consolidating several non-mainline diets into a single mainline-alternative diet produced non-*de minimis* cost savings

ORDER GRANTING SUMMARY JUDGMENT
FOR DEFENDANTS AND DISMISSING CASE
PAGE - 2

for the Department of Corrections. (Dkt. No. 44 at 5.) But Barstad has submitted no evidence that calls Defendants' evidence to this effect into doubt or creates a genuine issue of material fact. He submits only unsubstantiated speculation on the costs of reintroducing the ovo-lacto vegetarian diet. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.") (quotation marks and indications of alteration omitted); *Emeldi v. Univ. of Or.*, 673 F.3d 1218, 1228 (9th Cir. 2012) ("mere speculation cannot raise an issue of fact").[1]

Barstad next objects that all the Department of Corrections would have to do to accommodate him is to change its printed daily menus and "apply procedures that are already in practice, as they are applied to the preparation and service of the Halal meals"—and that making these changes would be the "least restrictive means" of cutting costs. (Dkt. No. 44 at 5.) But the First Amendment inquiry under *Turner v. Safley* is not whether Defendants employed the "least restrictive means" to achieve their purpose, but rather whether their consolidation of the non-mainline diets into one mainline-alternative was "reasonably related" to the legitimate goal of saving costs. 482 U.S. 78, 89 (1987); *see Hrdlicka v. Reniff*, 631 F.3d 1044, 1054–55 (9th Cir. 2011). As discussed in the Report and Recommendation, it was. Moreover, the undisputed

---

[1] The Report and Recommendation states: "To the extent plaintiff disputes the costs of re-instituting an ovo-lacto vegetarian diet, this Court will 'giv[e] appropriate deference to prison officials' assessment of the costs.'" (Dkt. No. 43 at 21:20–22.) The Court does not adopt these lines of the Report and Recommendation. The question on summary judgment is whether there is a genuine issue of material fact, viewing the evidence in the light most favorable to the nonmoving party (here, Barstad). The Court cannot give deference to the moving party's version of the facts. Here, it is enough to observe that Defendants have submitted evidence of the non-*de minimis* cost savings of consolidating several non-mainline diets into one mainline-alternative, and that Barstad has submitted no admissible evidence to the contrary to create a genuine issue of material fact. For the same reasons, the Court replaces the lines in the Report and Recommendation reading, "defendants have produced substantial evidence to demonstrate that" (*id.* at 21:13), "defendants have produced sufficient evidence to demonstrate that" (*id.* at 22:13–14), and "the plaintiff has not demonstrated that" (*id.* at 23:7) with "there is no genuine dispute of material fact as to whether."

1  evidence in the record tends to show that offering Barstad a customized diet would have a ripple
2  effect of inducing other prisoners to request customized diets, leading to an increase in
3  administrative costs beyond those associated with Barstad's suggested solution of applying Halal
4  meal procedures to ovo-lacto vegetarian prisoners. (Dkt. No. 39 Ex. 2, Att. A at 22:7–23:11,
5  49:7–24.)

6        Finally, Barstad argues that the mainline-alternative diet is a "religious diet" and so
7  consolidating the non-mainline options into one mainline-alternative violates the Establishment
8  Clause. This argument is not an objection to the Report and Recommendation but rather a
9  rehashing of the argument Barstad made in his opposition to Defendants' motion for summary
10 judgment, which the Magistrate Judge already addressed in the Report and Recommendation. As
11 the Report correctly observed, Barstad has submitted no evidence that "requiring vegetarian
12 inmates to eat a vegan diet favors a specific religion." (Dkt. No. 43 at 24:22–23.)

13       For the foregoing reasons, the Court ADOPTS all but seven lines of the Report and
14 Recommendation (Dkt. No. 43), GRANTS Defendants' motion for summary judgment on
15 Barstad's Religious Land Use and Institutionalized Persons Act and First, Eighth, and Fourteenth
16 Amendment claims (Dkt. No. 39), DISMISSES those claims with prejudice, declines to exercise
17 supplemental jurisdiction over Barstad's state-constitutional claims, and DISMISSES those
18 claims without prejudice. The Court respectfully DIRECTS the Clerk to send copies of this order
19 to Barstad and to the Honorable James P. Donohue, and to CLOSE this case.
20 //
21 //
22 //
23 //
24 //
25 //
26 //

ORDER GRANTING SUMMARY JUDGMENT
FOR DEFENDANTS AND DISMISSING CASE
PAGE - 4

DATED this 10th day of April 2013.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE